UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SUTTON,

    Plaintiff,

v.                                    CASE NO: 8:07-cv-2019-T-23MSS

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

**ORDER**

    Before addressing the merits of any case, a district court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, a district court may raise sua sponte the question of subject-matter jurisdiction "at any stage in the litigation." Arbaugh, 546 U.S. at 506. The defendant removes this action (Doc. 1) and asserts diversity of citizenship pursuant to 28 U.S.C. § 1332. Although timely, the notice of removal fails to establish a clear basis for federal jurisdiction. As the removing party, the defendant bears the burden of establishing subject matter jurisdiction. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Because the plaintiff's complaint (Doc. 3) fails to claim a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Williams, 269 F.3d at 1319.

    To prove the amount in controversy exceeds $75,000, the defendant attaches to the notice of removal a pre-suit demand letter seeking damages in the amount of

$500,000. The complaint (Doc. 3), which seeks damages arising from the plaintiff's alleged "trip and fall" (Doc. 1-2 at 1) on the defendant's premises, merely asserts damages in excess of $15,000.00. Williams, 269 F.3d at 1319 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied . . . is insufficient to meet the defendant's burden."); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); Burns v. Windsor ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994) (because the defendants "offered no proof that plaintiff's prayer is grossly inconsistent with her alleged damages," the court accepted the plaintiff's settlement offer as proof of amount in controversy even though a "settlement offer, by itself, may not be determinative").

Accordingly, on or before **February 19, 2008**, the defendant shall demonstrate as a matter of fact and law that this case should not be remanded because the amount in controversy fails to meet the minimum for diversity jurisdiction. Williams, 269 F.3d at 1321 (the defendant "should be afforded an opportunity to submit evidence in support of its assertion" that the amount in controversy exceeds the jurisdictional minimum).

ORDERED in Tampa, Florida, on February 8, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE